HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY DAWN STEPHENSON, | CASE NO. C15-5846 RBL |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| JAMES ALDEN BRATAGER, LISA HOSMER-BRATAGER, | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Kimberly Stephenson's Motion for Leave to Proceed *in forma pauperis* and her proposed Compliant [Dkt. #1]. Stephenson is a resident of North Carolina, and is apparently the parent of a daughter who lives in Washington State. The daughter's name is not disclosed, but she was apparently 17 in August, 2015.

Stephenson claims that Defendants participated in a case or hearing regarding her parental rights. She claims they engaged in abuse of process and fraud, interference with her parental rights, defamation, negligence, humiliation, and similar claims when they described her has having emotional or mental deficiencies in the underlying (and apparently ongoing) state law case (Thurston County Cause No. 12-3-01243-2). She claims that she lost her job after her child

support payments were increased, because her employer did not want to garnish her wages. The gist of her claim is that the Defendants destroyed Stephenson's relationship with her daughter:

> 19. As a direct result of the defendant's acts herein Plaintiff's fundamental and constitutionally-protected interests in the nurture, upbringing, care, companionship, love of her child was substantially infringed upon. James Bratager and his wife Lisa Hosmer-Bratager have done everything possible to destroy the Mother/Daughter bond. James Bratager has completely stripped me of my parental rights.
>
> 20. All of the Causes of Action herein comprise of a Civil Conspiracy. Plaintiff meets all elements of each of her causes of action. The Fraud is the 2014 parenting plan and August 24, 2015 modification. Plaintiff have has much evidence of the facts stated herein.

[Dkt/ #1-2 at 9] She seeks $150,000 from each defendant.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Stephenson has not met this standard, and her application is DENIED. It is true that Stephenson has demonstrated that this court may have subject matter jurisdiction over her constitutional and other claims (under 28 U.S.C. §§1331 and 1332), personal jurisdiction over the defendants, and that venue is proper in this court 28 U.S.C. § 1391(b).

But she has not articulated a plausible claim or a set of facts from which the court can infer such a claim. The relationship between the defendants and her daughter is unknown, and it is not clear what she claims they did that was tortuous or unlawful. Instead, it appears that she claims the state court's decisions are wrong. This court cannot address such a claim.

The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005).

[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

For these reasons, Stephenson's application t proceed in forma pauperis is DENIED, and she shall pay the filing fee, or file a proposed amended complaint within 30 days of this Order.

1  Any proposed amended complaint should spell out the "who what when where and why"
2  of her claims, identify the parties and their relationships to each other, and explain what the
3  defendants did that is actionable in this court.  This court cannot review or revise the state court's
4  decisions.

5  IT IS SO ORDERED.

6  Dated this 3rd day of December, 2015.

_____
Ronald B. Leighton
United States District Judge